**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

TYRE K. VENIOUS                                    CIVIL ACTION NO. 23-1564

                                                   SECTION P

VS.

                                                   JUDGE S. MAURICE HICKS, JR.

JEFF LANDRY, ET AL.                                MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Plaintiff Tyre K. Venious, a prisoner at Bossier Maximum Security Center proceeding pro se and in forma pauperis, filed this proceeding on approximately November 2, 2023, under 42 U.S.C. § 1983. He names the following defendants: Attorney General Liz Murrill, Secretary James LeBlanc, the State of Louisiana, and Louisiana State Police Superintendent Robert Hodges.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff was convicted of felony carnal knowledge of a juvenile; on March 10, 2020, he was "sentenced to five years at hard labor, suspended, 2 years of supervised probation[.]" [doc. # 8, p. 2]. He was "first subject to the registry/notification requirements" for sex offenders on March 10, 2020. *Id.* He maintains: "The registry/notification requirements [were] not mandated by his previous sentence, but as a condition of his probation he [was] required to register as a sex offender and provide notification in accordance with the provisions of L.R.S. 15:540." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

On March 8, 2021, Plaintiff was arrested in Bossier, Louisiana, and charged with six counts of "failure to register and notify as a sex offender (L.R.S. 15:542.1.4(A)(1))[.]" [doc. #s 1, p. 3; 8, p. 2]. His charges are pending. [doc. # 1, p. 3]. In addition, he allegedly violated the terms of his probation by failing to register as a sex offender. DETAINER NOTIFICATION, AFFIDAVIT OF PROBABLE CAUSE AND MOTION FOR HEARING TO REVOKE PROBATION, 28TH JUDICIAL DISTRICT COURT, DOCKET 230151.[2]

Plaintiff claims that "several  provisions of the [Louisiana sex offender registration] law violate the U.S. Constitution." [doc. # 1, p. 3]. He alleges that "L.R.S. 15:542(c)(1)(m)," which "requires registrants to disclose to the State every email address, online screen name, or other online identifiers used by them to communicate online[,]" violates "the First Amendment right to protected speech." [doc. #s 1, p. 3; 8, p. 1]. He alleges that "L.R.S. 15:542.1 and 15:542.1.2(E)," which "require registrants to notify the public of their status as a sex offender or child predator," violate "the First Amendment prohibition against compelled speech." *Id.* He alleges that "L.R.S. 15:542.1.2(A) is ambiguous and vague when it comes to providing notice to registrants about what information must be updated within the three-day window required by this provision." [doc. # 8, p. 1]. Plaintiff maintains that "these provisions" are all facially unconstitutional. *Id.*

Plaintiff asks the Court to: (1) declare that the statutes above are facially unconstitutional and (2) award monetary relief "to cover the filing cost of this suit." [doc. # 8, p. 2].

---

[2]The Court "may take judicial notice of appropriate portions of the [state court] record . . . to the extent necessary to resolve the issues presented." *Back v. Texas Dep't of Crim. Just. Corr. Institutions Div.,* 716 F. App'x 255, 257 (5th Cir. 2017) (citing *United States v. Herrera-Ochoa,* 245 F.3d 495, 501 (5th Cir. 2001)).

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d

578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his

Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is

facially plausible when it contains sufficient factual content for the court "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any
facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations
of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary
program."

*Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level."  *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

 "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. *Heck v. Humphrey*

The Court should, under *Heck v. Humphrey*, 512 U.S. 477 (1994), dismiss Plaintiff's claims.

A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.* at 477.  Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence."  *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted).  Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." [4]  *Id.*

---

[4] *See also Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010) (recognizing that *Heck* also applies to requests for injunctive and declaratory relief); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

*Heck* applies in the probation and parole context. *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir. 1995) ("*Heck* applies to proceedings which call into question the fact or duration of parole."); *Eaton v. McGee*, 113 F. App'x 9, 10 (5th Cir. 2004) ("Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or otherwise called into question.  His claims are barred by *Heck* and, thus, have no arguable merit.").

Here, Plaintiff challenges the constitutionality of "L.R.S. 15:542(c)(1)(m)," "L.R.S. 15:542.1.2(A)," and "L.R.S. 15:542.1 and 15:542.1.2(E)."  He states that the "registry/notification requirements" in the statutes above were "not mandated by his previous sentence.  [doc. # 8, p. 2].  However, this Court takes judicial notice that the state trial judge did sentence Plaintiff to supervised probation and did order Plaintiff to "enroll in and complete a sex offender program . . . ."[5]  MINUTES FROM 28TH JUDICIAL DISTRICT COURT (March 10, 2020).  The sentencing judge also "advised [Plaintiff] of the sex offender registration."  *Id.*

Further, "[T]he requirements of registration and notification are an essential part of a convicted sex offender's sentence."  *State v. Moore*, 847 So. 2d 53, 58, 2003-16 (La. App. 3 Cir. 5/14/03), *writ denied,* 2003-1480 (La. 12/12/03), and *writ denied sub nom. State ex rel. Moore v. State*, 2004-2931 (La. 1/21/05).  "The sex offender registration and notification statutes . . .

---

(state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

[5] *See Roddy v. Babin*, 795 F. App'x 299, 300 (5th Cir. 2020) (taking judicial notice of state court trial records); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004) ("[T]he fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice."); *In re Moity*, 320 F. App'x 244, 249 (5th Cir. 2009) ("One court may also take judicial notice of another court's judicial actions."); FED. R. EVID. 201 (c) ("The court may take judicial notice at any stage of the proceeding."); *see also Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976) ("A complaint conflicting with facts of which the district court may take judicial notice might also properly be dismissed under Section 1915(d).").

become operative upon conviction and . . . become obligatory when the convicted sex offender has been 'released from prison, placed on parole, supervised release, or probation.'" *Id.* at 57; *see State ex rel. Talbert v. State*, 814 So. 2d 2, 1999-2899 (La. App. 1 Cir. 6/23/00) (observing that in Louisiana, "the time a defendant 'spends on parole or probation is still a part of his sentence since he is in the legal custody of the Department while on parole or probation and subject to custodial supervision at any time.' . . . Thus, a defendant is still serving a sentence while he is on parole.") (internal citations and footnote omitted).

The registration and notification "requirements are so essential, the statute provides once an individual is *charged* with a sex offense, the court must 'provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.'" *Moore*, 847 So. 2d at 58 (*citing* LA. REV. STAT. § 15:543(A)). A defendant's "sentence is not ultimately 'completed' until his obligations as a sex offender are fulfilled." *State v. Mire*, 44 So. 3d 300, 09-922 (La. App. 5 Cir. 6/29/10).

Here, consequently, decreeing that "L.R.S. 15:542(c)(1)(m)," "L.R.S. 15:542.1.2(A)," and "L.R.S. 15:542.1 and 15:542.1.2(E)" are unconstitutional will necessarily imply the invalidity of Plaintiff's sentence. *See Pearson v. Holder*, 2011 WL 13185719, at *5 (N.D. Tex. Apr. 29, 2011), aff'd, 470 F. App'x 305 (5th Cir. 2012) ("The requirement that Pearson register as a sex offender was part of his sentence[.] . . . [A] successful outcome for Pearson would imply the invalidity of his criminal conviction for a sexual offense.") (*citing Savickas v. Walker*, 180 Fed. Appx. 592, 593-94 (7th Cir. 2006) (finding that a challenge to electronic detention as a condition of supervised release was barred by *Heck*); *Bleeke v. Server*, 2010 WL 299148, at *5

7

(N.D. Ind. Jan. 19, 2010) (finding that *Heck* barred claims relating to parole conditions for a sex offender).[6]

Plaintiff may not seek relief until his sentence and resulting conditions of probation are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[7]  Plaintiff does not state that these *Heck* conditions are satisfied. Accordingly, the Court should dismiss his claims.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Tyre K. Venious's claims be **DISMISSED WITH PREJUDICE**, as frivolous and for failure to state claims on which relief may be granted, until the *Heck* conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

---

[6] *See also Ryals v. Att'y Gen. of Texas*, 608 F. App'x 274, 275 (5th Cir. 2015) ("Ryals's challenge to Midland County's enforcement of the Texas Sex Offender Registration Program is an indirect challenge to his convictions for failing to register as a sex offender, and accordingly, the challenge is barred by *Heck*."); *Hall v. Att'y Gen. of Texas*, 266 F. App'x 355, 356 (5th Cir. 2008); *Adeyinka v. Texas Dep't of Just.*, 2018 WL 3880361, at *1 (S.D. Tex. Aug. 15, 2018) (applying *Heck* where the plaintiff challenged the conditions of his parole requiring him to register as a sex offender and participate in a monitoring program); *Emerson v. Provencher*, 2016 WL 7974655, at *3 (M.D. La. Oct. 4, 2016), report and recommendation adopted, 2017 WL 359188 (M.D. La. Jan. 24, 2017) (finding, where the plaintiff sought relief for "wrongful supervisory conditions[,]" that the plaintiff's claim was *Heck* barred because a judgment in his favor would imply that his "supervised confinement should be curtailed."); *Holson v. Good*, 579 F. App'x 363, 365-66 (6th Cir. 2014) (finding, where plaintiffs challenged parole conditions, that because parole in Ohio "is a part of the original judicially imposed sentence[,]" *Heck* barred the claims because *Heck* bars claims that necessarily imply the invalidity of a plaintiff's sentence).

[7] Aptly, under LA. REV. STAT. § 15:544(A) (emphasis added), "[A] person required to register and provide notification pursuant to the provisions of [the Chapter concerning registration of sex offenders] shall comply with the requirement . . . *unless the underlying conviction is reversed, set aside, or vacated . . . .*"

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 6th day of February, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge